IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PETE MUEHLENHAUPT,                    §
                                      §
        Plaintiff,                    §
                                      §
v.                                    §        Civil Action No. 3:24-CV-3210-N
                                      §
PHH MORTGAGE CORPORATION,             §
*et al.*,                             §
                                      §
        Defendants.                   §

## MEMORANDUM OPINION & ORDER

This Order addresses Defendant PHH Mortgage Corporation's ("PHH") motion to dismiss [3]. For the following reasons, the Court grants Defendant's motion and grants Plaintiff leave to amend his Complaint.

## I. ORIGINS OF THE MOTION

This case arises out of a foreclosure following Plaintiff Pete Muehlenhaupt's default on his mortgage loan. Pl.'s Pet. ¶¶ 16, 35–38 [1-D]. [1] PHH is a mortgage company. *Id.* ¶ 3. Muehlenhaupt and PHH entered a mortgage contract when Muehlenhaupt purchased the property at issue in this case. *Id.* ¶ 33. Muehlenhaupt defaulted on his mortgage because he failed to keep up with the required monthly payments under the note and deed of trust. *Id.* ¶ 35. Muehlenhaupt alleges that PHH told him that if he paid $17,398.25 before the foreclosure sale, PHH would reinstate the note and cancel the foreclosure sale.

---

[1] For the purposes of this motion, the Court accepts the truth of all well-pleaded facts in Plaintiff's petition, originally filed in state court.

MEMORANDUM OPINION & ORDER – PAGE 1

*Id.* ¶ 36. Muehlenhaupt paid $19,700.00 to PHH on November 1, 2024. *Id.* ¶ 37. Nevertheless, on November 5, 2024, PHH proceeded with the foreclosure and sold the property. *Id.* ¶ 38. Muehlenhaupt brought suit in state court to quiet title and for declaratory judgment that he is the sole and rightful owner of the property. *Id.* ¶¶ 13, 22. He also brings claims under the Texas Deceptive Trade Practices Act ("DTPA") and for breach of contract, fraud, and negligent misrepresentation. *Id.* ¶¶ 23–25; 33–48. PHH removed this case to federal court. Def.'s Removal 1. PHH now brings this motion to dismiss for failure to state a claim.[2]

## II. TIMELINESS OF THE MOTION

As a threshold matter, Muehlenhaupt argues that PHH is untimely. PHH filed the motion after a co-Defendant, AVT Title Services, LLC ("AVT"), filed an Answer to Muehlenhaupt's original petition. According to Muehlenhaupt this violates Rule 12's command that a party raising a defense under Rule 12(b) file before responsive pleading. This is incorrect as a matter of law. Rather, under Rule 12(b), a party must raise a defense for failure to state a claim "before pleading if a responsive pleading is allowed" for *that* party. *See* FED. R. CIV. P. (12)(b). Thus, because PHH has not responded and AVT's Answer has no effect in this analysis, the motion is timely.

## III. RULE 12(B)(6) STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*,

---

[2] Muehlenhaupt presumably pled expecting the more lenient state pleading standard, but now is being measured against the stricter federal standard.

MEMORANDUM OPINION & ORDER – PAGE 2

42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, a "court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, a "written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.*, 484

F.3d 776, 780 (5th Cir. 2007). Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, in "deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that the "district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

## IV. THE COURT GRANTS MUEHLENHAUPT ADDITIONAL TIME TO SERVE PHH

### A. Muehlenhaupt Did Not Effect Valid Service of Process on PHH.

PHH first moves to dismiss for insufficient service of process under Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure on the ground that Muehlenhaupt did not properly serve PHH with process in accordance with Rule 4. Because Muehlenhaupt did not effect valid service of process on PHH, the Court grants Muehlenhaupt additional time to serve PHH. A federal court lacks personal jurisdiction over a defendant unless the defendant has received service of process in accordance with Rule 4. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350–51 (1999) (explaining that service of process is prerequisite to a court's exercise of jurisdiction); *Pavlov v. Parsons*, 574 F.

Supp. 393, 399 (S.D. Tex. 1983) (noting that proper service of process required compliance with one of the methods described in Rule 4).

The plaintiff is responsible for properly serving all defendants with a summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1). Rule 4(e) describes the available methods of serving an individual defendant. FED. R. CIV. P. 4(e). Muehlenhaupt's counsel personally attempted to serve PHH with process according to Rule 4(e)(2)(A) by "delivering a copy of the summons and of the complaint to the individual personally." FED. R. CIV. P. 4(e)(2)(A). However, Rule 4(c)(2) prohibits parties themselves from serving a summons and complaint. FED. R. CIV. P. 4(c)(2). Alternatively, Rule 4(e)(2)(C) provides another acceptable form of service by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. (4)(e)(2)(C). Here, Muehlenhaupt has not demonstrated that Muehlenhaupt served PHH's agent. In addition, unless "service is waived, proof of service must be made to the court." FED. R. CIV. P. (4)(l). To date, Muehlenhaupt has not filed proof of service on PHH, and PHH has not waived service. The Court orders Muehlenhaupt to effect service and filed proof service with the Court within ninety (90) of the date of this Order. *See* FED. R. CIV. P. (4)(m).

## V. THE COURT GRANTS PHH'S MOTION TO DISMISS[3]

Upon reviewing the facts pleaded in Muehlenhaupt's complaint, the Court finds that Muehlenhaupt has not provided sufficient facts to raise plausible claims for breach of

---

[3] In the interest of judicial economy, the Court addresses the merits of PHH's Rule 12(b)(6) arguments.

MEMORANDUM OPINION & ORDER – PAGE 5

contract, fraud or negligent misrepresentation, violating DTPA, or declaratory judgment.
Accordingly, the Court grants Muehlenhaupt's request for leave to amend his complaint.

### A. Muehlenhaupt Fails to State a Claim for Breach of Contract

Muehlenhaupt alleges that in foreclosing on the property, PHH breached its
mortgage contract with him. Pl.'s Pet. ¶¶ 33–39. As an initial matter, Muehlenhaupt does
not dispute that he was in default of the initial contract when PHH accelerated the debt
pursuant to the terms of the mortgage and began foreclosure proceedings. *Id.* ¶ 35. He
alleges that PHH breached not the initial agreement but a subsequent promise to reinstate
the note and cancel the foreclosure sale if Muehlenhaupt paid $17,398.25 before the
foreclosure sale. *Id.* ¶¶ 36–39.

### 1. Muehlenhaupt's Initial Breach Does Not Bar His Claim as a Matter of Law.
– First, Muehlenhaupt's breach of contract claim does not fail as a matter of law
because Muehlenhaupt pleaded that he paid the accelerated amount within the given time
to cure. In Texas, "it is a well-established rule that a party to a contract who is himself in
default cannot maintain a suit for its breach." *Dobbins v. Redden*, 785 S.W.2d 377, 378
(Tex. 1990). When a mortgagor has defaulted, a mortgagee must provide notice of the
intent to accelerate and foreclose. *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 234
(Tex. 1982). "If after such notice, the mortgagor fails to remedy the breach, then the
mortgagee is authorized to accelerate maturity and begin foreclosure proceedings under the
deed of trust." *Id.* Here, Muehlenhaupt alleges that he was not in breach because he paid
the reinstatement amount on November 1, 2024 before PHH's deadline to cure of
November 4, 2024. Pl.'s Pet. ¶¶ 16, 19, 37.

MEMORANDUM OPINION & ORDER – PAGE 6

**2. Muehlenhaupt Fails to Identify the Agreement or a Specific Provision PHH Allegedly Breached.** – Muehlenhaupt's allegations are conclusory and fail to identify key facts or supporting documents that would allow the Court to reasonably infer that PHH breached its contract with Muehlenhaupt. Under Texas law, the elements of a breach of contract claim are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App. — Houston [14th Dist.] 2005, pet. denied)). Muehlenhaupt refers vaguely to "a deed of trust," a "home purchase contract," and instructions from PHH, but does not identify a specific provision of the deed of trust he alleges gives rise to a breach claim. "A claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached." *Williams v. Wells Fargo Bank*, *N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014).

Without identifying the provision or provisions, the Court cannot determine whether Muehlenhaupt has pleaded factual content that allows the Court to draw the reasonable inference that PHH is liable for breach of those provisions or that PHH failed to fulfill its post-default obligations under the deed of trust. Muehlenhaupt, instead, claims a general breach from a foreclosure "in violation of the law." A general assertion of rights and obligations without support of the specific provisions alleged to be breached does not raise the right to relief beyond a speculative level. *Twombly*, 550 U.S. at 555. Under the deed of trust, Muehlenhaupt has not sufficiently identified what actions PHH needed to

MEMORANDUM OPINION & ORDER – PAGE 7

undertake to and in what way PHH failed to undertake those actions. Muehlenhaupt's breach of contract claim is made out in his complaint by only vague and conclusory statements, which are not sufficient to plead breach of contract on the basis of the deed of trust.

### 3. The Alleged Reinstatement Quote Falls into the Statute of Frauds. –

Finally, PHH is correct that Muehlenhaupt's breach of contract claim is also barred by the statute of frauds. It is well-settled in Texas that agreements pertaining to loans in excess of $50,000 must be in writing, as well as modifications of those agreements. *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013); *see also* TEX. BUS. & COMM. CODE § 26.02. Furthermore, the Fifth Circuit has established that "an agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable." *Milton v. U.S. Bank Nat'l Assoc.*, 508 F. App'x 326, 328–29 (5th Cir. 2013).

Even if all the allegations in Muehlenhaupt's complain are taken as true, Muehlenhaupt alleges no facts to raise a plausible claim that there is an agreement in writing. Muehlenhaupt pleads only vague statements, concluding that the parties "entered into a home purchase contract," and alleging there were "terms of the note and deed of trust," and "agreements." Pl.'s Pet. ¶¶ 33, 35, 39. Accordingly, PHH has properly raised the statute of frauds in its motion to dismiss.

MEMORANDUM OPINION & ORDER – PAGE 8

### B.  *Muehlenhaupt Fails to State a Claim for Fraud or Negligent Misrepresentation*

PHH contends that Muehlenhaupt cannot sustain a claim for negligence because (1) of the statute of frauds, (2) the economic loss rule bars his recovery in tort, and (3) regardless, PHH owed no duty to Muehlenhaupt.  *See* Def.'s Mot. Dismiss 10–11.

The statute of frauds bars Muehlenhaupt's tort claims for fraud and negligent misrepresentation.  "Generally, under Texas law, a plaintiff may not recover in tort for claims arising out of an unenforceable contract under the statute of frauds."  *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 584 (N.D. Tex. 2013); *see Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 470 (5th Cir. 2002) (citing *Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex. 2001)).

The economic loss rule bars Muehlenhaupt's tort claims as a matter of law because the alleged fraud and negligent misrepresentation are based on the loan and the reinstatement — written contracts.  In Texas, the "economic loss rule" precludes tort recovery when a plaintiff's only injury or loss stems from the subject matter of a contract between the parties.  *See Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991).[4] The rule applies to real estate transactions.  *Wilkerson v. Citimortgage, Inc.*, 2011 WL 6937382, at *6 (N.D. Tex. 2011) (Toliver, Mag. J.), *accepted by* 2012 WL 11039 (N.D. Tex. 2012) (O'Connor, J.) (citing *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)).  To determine whether the rule precludes recovery on a tort theory, courts

---

[4] *See also, e.g.*, *UMLIC VP LLP v. T&M Sales & Env't Sys., Inc.*, 176 S.W.3d 595, 612–13 (Tex. App. – Corpus Christi 2005, pet. denied); *Dewayne Rogers Logging, Inc. v. Propac Indus., Ltd.*, 299 S.W.3d 374, 382–83 (Tex. App. – Tyler 2009, pet. denied); *Wilkerson*, 2011 WL 6937382, at *6.

MEMORANDUM OPINION & ORDER – PAGE 9

look to the nature of a plaintiff's loss. *Sw. Bell*, 809 S.W.2d at 494; *see, e.g.*, *Wilkerson*, 2011 WL 6937382, at *6 (citing *Sterling Chems., Inc. v. Texaco, Inc.*, 259 S.W.3d 793, 796–98 (Tex. App. – Houston [1st Dist.] 2007, pet. denied)). If a plaintiff can establish that he suffered injuries independent of his economic loss under the contract, he may bring a tort claim. *Wilkerson*, 2011 WL 6937382, at *6; *see Sw. Bell*, 809 S.W.2d at 494.

In his Complaint, Muehlenhaupt claims only vague direct damages caused by PHH, alleging he paid $17,398.25 under "his mortgage" as the harm suffered and that he was "damaged by" negligent misrepresentations. Pl.'s Pet. ¶¶ 40–48. Muehlenhaupt does not state any economic losses outside of those under the contract. Thus, the economic loss rule bars Muehlenhaupt's tort claims.

Finally, Muehlenhaupt cannot state a claim for negligence because PHH owed him no legal duty. "Negligence actions in Texas require 'a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach.'" *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (quoting *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 457 (Tex. 2002)). "To impose a tort duty upon parties to a contract, the court must first find that a special relationship exists between them." *E.g.*, *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 675 (Tex. App. – Houston [1st Dist.] 1996, no writ) (citation omitted). However, the "relationship between a borrower and lender is usually neither a fiduciary relationship nor a special relationship. . . . [W]hen a special relationship between a borrower and lender has been found, it has rested on extraneous facts and conduct, such as excessive lender control over, or influence in, the borrower's business activities." *See id.* at 675 (citations omitted). Accordingly, separate

MEMORANDUM OPINION & ORDER – PAGE 10

from any specific duty of care contained in the parties' contract, courts have held that mortgagers do not ordinarily owe a duty of good faith or diligence to mortgagees. *See, e.g.*, *Setzer v. Richards*, 2012 WL 32943, at \*5–6 (W.D. Tex. 2012) ("Texas courts have rejected the existence of any special relationship between a mortgagor and a mortgagee which creates an independent common law duty of good faith and fair dealing.") (collecting Texas cases); *Wilkerson*, 2011 WL 6937382, at \*6–8; *cf. Clay v. FDIC*, 934 F.2d 69, 71 (5th Cir. 1991) (applying Texas law and holding that, assuming the Texas Uniform Commercial Code ("UCC") applied to guarantee agreements, plaintiffs could not maintain a cause of action for violation of the general duty of good faith and fair dealing implicit in every Texas contract under the UCC where plaintiffs alleged that defendant did not properly oversee their loan).

Here, Muehlenhaupt does not plead specific facts showing a specific duty in a contract or that exceptional circumstances exist establishing a duty on the part of PHH. Accordingly, his Complaint fails to state a claim for negligence, and the Court grants PHH's motion to dismiss the claim.

### C. Muehlenhaupt Fails to State a Claim under DTPA

Muehlenhaupt is not a consumer under DTPA and therefore does not have a valid claim under the statute. To pursue a claim under DTPA, a plaintiff must be a "consumer" as DTPA defines it. *See, e.g.*, *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App. – San Antonio 1996, no writ); *Marquez v. Fed. Nat'l Mortg. Ass'n*, 2011 WL 3714623, at \*5–6 (N.D. Tex. 2011) (Lindsay, J.); *Broyles v. Chase Home Fin.*, 2011 WL 1428904, at \*3–4 (N.D. Tex. 2011) (Fish, J.). The question of whether one is a consumer

MEMORANDUM OPINION & ORDER – PAGE 11

under DTPA is a question of law for the court to decide.  *E.g., Bohls v. Oakes*, 75 S.W.3d 473, 479 (Tex. App. – San Antonio 2002, pet. denied); *Mendoza*, 932 S.W.2d at 608.

DPTA defines a "consumer" as "an individual . . . who seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE § 17.45(4); *see also, e.g.*, *First State Bank v. Keilman*, 851 S.W.2d 914, 928 (Tex. App. – Austin 1993, writ denied).  In turn, "goods" are defined as "tangible chattels or real property purchased or leased for use." TEX. BUS. & COM. CODE § 17.45(1).  Accordingly, a person who buys a home or property may be a consumer under DTPA because that home or property qualifies as a "good."  *See, e.g.*, *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 566–67 (Tex. 1984); *Broyles*, 2011 WL 1428904, at *4 (citing *La Sara Grain*, 673 S.W.2d at 567; *Maginn v. Norwest Mortg., Inc.*, 919 S.W.2d 914, 929 (Tex. App. – Austin 1996, no pet.)).  But "subsequent actions related to mortgage accounts — for example, extensions of further credit or modifications of the original loan — do not satisfy the 'goods or services' element of DTPA."  *Broyles*, 2011 WL 1428904, at *4 (collecting Texas cases).  Thus, if one already owns a home or property subject to a security interest and the security interest forms the basis of his complaint, he cannot be a "consumer" under DTPA.  *See Manno v. BAC Home Loans Servicing, LP*, 2011 WL 3844900, at *5 (W.D. Tex. 2011) ("[A]t the time of the acts of which he complains, [plaintiff] already owned the house subject to the Bank's mortgage interest.  As a matter of law, [plaintiff's] real property is not the basis of his complaint.  Thus, [plaintiff] does not qualify as a 'consumer' under DTPA and does not have standing to bring a DTPA claim.").  Muehlenhaupt's claim originates from reinstatement of the loan and is solely based on the reinstatement (or lack

MEMORANDUM OPINION & ORDER – PAGE 12

thereof) of the note.  Therefore, Muehlenhaupt is not a consumer under the DTPA, and the Court grants the motion to dismiss.

### D. Muehlenhaupt Fails to State a Claim for Declaratory Judgment

Muehlenhaupt's declaratory judgment request likewise fails.  The Declaratory Judgment Act is a procedural device; it creates no substantive rights and requires the existence of a justiciable controversy.  *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984); *see Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41 (1937).  "Thus, the Act provides no relief unless there is a justiciable controversy between the parties." *Kazmi v. BAC Home Loans Servicing, L.P.*, 2012 WL 629440, at *15 (E.D. Tex. 2012). As the Fifth Circuit has explained:

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.  Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties.  The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred.  Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.
> Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.  To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future.  Similar reasoning has been applied to suits for declaratory judgments.

*Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations and quotations omitted).

Federal courts have broad discretion to grant or refuse a request for declaratory judgment.

MEMORANDUM OPINION & ORDER – PAGE 13

*Kazmi*, 2012 WL 629440, at *14 (citing *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991)).

Muehlenhaupt seeks a declaratory judgment construing the deed of trust and that Defendants wrongfully foreclosed on Muehlenhaupt's property. Pl.'s Pet. ¶ 22. However, the Court dismisses Muehlenhaupt's claims for breach of contract, fraud, negligent misrepresentation, and DTPA, thus there is no actual controversy between the parties regarding this claim. Accordingly, the Court refuses Muehlenhaupt's request that it issue a declaratory judgment.

## VI. THE COURT GRANTS MUEHLENHAUPT LEAVE TO FILE AN AMENDMENT COMPLAINT

The Court grants Muehlenhaupt leave to file an amended complaint against PHH. When a motion to dismiss is based on complaint insufficiency, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). "If it appears that a more carefully drafted pleading might state a claim upon which relief could be granted, the court should give the claimant an opportunity to amend his claim rather than dismiss it." *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 608–09 (N.D. Tex. 2006) (Fish, C.J.) (internal quotations and citations omitted). Muehlenhaupt has not amended his pleading yet, and he has advised the Court he is willing to do so. Thus, the

Court grants Muehlenhaupt leave to amend his complaint, and should file his amended complaint within thirty (30) days of this Order.

CONCLUSION

The Court grants Muehlenhaupt leave to effect service on the Defendant and to amend his complaint within thirty (30) days of the date of this Order.  If Muehlenhaupt does not amend his complaint within thirty days, the Court will enter a final judgment of dismissal of his claims against PHH with prejudice without further notice.

Signed August 26, 2025.

David C. Godbey
United States District Judge

MEMORANDUM OPINION & ORDER – PAGE 15